Filed 9/15/15  P. v. Ruelas CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE TRUJILLO RUELAS,<br><br>    Defendant and Appellant. | 2d Crim. No. B263783<br>(Super. Ct. No. 2014027064)<br>(Ventura County) |

In September 2014, appellant Jose Trujillo Ruelas was charged in this case (No. 2014027064) with possessing a concealed dirk/dagger (Pen. Code, § 21310),[1] and disturbing the peace.  (§ 415, subd. (1).)  A 1996 federal bank robbery conviction was alleged as a prior strike conviction.  (§§ 667, 1170.12.)  That conviction and a 2005 drug possession conviction were alleged as prior prison terms.  (§ 667.5, subd. (b).)

In November 2014, appellant was charged in a second case (No. 2014034887) with being a felon in possession of a firearm (§ 29800, subd. (a)(1)), and carrying a concealed loaded firearm.  (§ 25400, subd. (a)(2).)  The complaint alleged the same prior convictions as the earlier case.  It also alleged the offenses were committed while appellant was out on bail.  (§ 12022.1, subd. (b).)

-----

[1] All statutory references are to the Penal Code.

Following preliminary hearings in both cases, the prosecution filed separate informations alleging the same charges and adding a gang allegation (§ 186.22, subd. (d)) to the disturbing the peace charge. The prosecution moved to consolidate the cases. The defense opposed the consolidation, arguing that the first case was substantially weaker than the second and that consolidation would prejudice appellant. The trial court granted the motion, stating that in its assessment, "neither [case] is particularly weak or strong and each is able to sustain a conviction should the evidence proffered by the People be believed by the jury."

Appellant waived his trial rights, pled guilty to the disturbing the peace and felon in possession charges, and admitted the gang, out-on-bail and prior conviction allegations. The trial court sentenced appellant to the low term of one year for disturbing the peace (§§ 415, subd. (1), 186.22, subd (d)), doubled to two years for the prior strike conviction (§ 667.5, subd. (e)), plus a consecutive term of eight months, doubled to 16 months, for possession of a firearm by a felon (§§ 29800, subd. (a)(1), 667.5, subd. (e)), plus two years for the out-on-bail enhancement (§ 12022.1, subd. (b)), for a total term of five years four months in state prison. The prior prison term enhancements were stricken, and appellant was awarded presentence credits of 292 days. The court also imposed restitution and other fines and fees.

Appellant timely filed a notice of appeal from the sentence. The trial court granted his request for a certificate of probable cause to appeal the consolidation order. (See § 1237.5; Cal. Rules of Court, rule 8.304(b).)

We appointed counsel to represent appellant in this appeal. After examining the record, counsel filed an opening brief raising no issues and requesting that we independently examine the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

We advised appellant in writing that he had 30 days within which to personally submit any contentions or issues he wished to raise on appeal. Appellant submitted a one-page, handwritten letter in which he contends that he was sentenced for having two prior strike offenses instead of just one. The record reflects, however, that he was properly sentenced for having one prior strike offense.

In September 2014, appellant approached an undercover police officer in a public alley and accused him of being a narcotics officer. Appellant made a gang statement and threatened to beat up the officer. Officers discovered a knife in appellant's rear pocket.

While appellant was out on bail, officers observed appellant and another gang member walking toward them near an apartment complex. When appellant saw the officers, he grabbed a concealed handgun from his waistband and tossed it away. Officers promptly recovered the gun.

We have examined the record and are satisfied that appellant's attorney has fully complied with the responsibilities of counsel and that no arguable issue exists. (*People v. Wende, supra,* 25 Cal.3d at p. 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

GILBERT, P.J.

YEGAN, J.

3

Nancy L. Ayers, Judge

Superior Court County of Ventura
_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.